IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY WOODS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACT. NO.  2:17cv288-WKW-TFM |
| | ) |
| OFFICER ARMSTRONG, | ) |
| Montgomery, Alabama Police | ) |
| Station, | ) |
| | ) |
|    Defendant. | ) |

**RECOMMENDATION of the MAGISTRATE JUDGE**

Upon consideration of the Motion for Leave to Proceed in Forma Pauperis filed by the plaintiff, it is

ORDERED that the Motion be and is hereby GRANTED. Doc. 2.

On May 4, 2017 Plaintiff Timothy Woods ("Plaintiff" or "Woods") filed a complaint against City of Montgomery Police Officer Armstrong, in which he asserts that one evening in February 2006, Officer Armstrong arrested and locked him in jail for no reason and seized his 1991 Grand Prix race car which was "honored" by Dale Earnhardt, Sr.  He alleges that his criminal defense attorney and an investigator searched for the vehicle in the impoundment lot, but that it was never found.  Plaintiff seeks the replacement of his vehicle or $35,000 in damages.

Upon conducting a review of the Complaint, the court questioned whether the claims were barred by the statute of limitations.  The court therefore gave Woods an opportunity to file an Amended Complaint which details more precisely the factual basis

for the claims and the legal basis on which to proceed. Doc. 4. On May 24, 2017, Woods filed the Amended Complaint, in which he sets forth essentially the same allegations as previously alleged in the Complaint. Doc. 5.

Upon review of the Amended Complaint, the court concludes that dismissal of the case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

All litigants, including those proceeding *pro se*, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe the plaintiff's pleadings, *see Hughes v. Rowe*, 449 U.S. 5 (1980), the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). Although a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must contain enough facts to state a claim for relief that is plausible on its face." *Id*. at 570.

Furthermore, once leave to proceed in forma pauperis is granted, section 1915(e)(2) authorizes the court to dismiss a case at any time if it determines that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune. See 28 U.S.C. 1915(e)(2)(B)(i)(ii)&(iii).

It is clear from a review of the pleadings that Plantiff's claims are barred by the applicable statute of limitations.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). Presently, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 is two years. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (the proper statute of limitations for §1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* §6-2-38(1).

The alleged unconstitutional actions about which Plaintiff complains occurred in February 2006. Consequently, the applicable limitations period expired in February 2008. Both the Complaint and the Amended Complaint were filed in May 2017. The filing occurred after the applicable period of limitations had lapsed. Thus, this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## CONCLUSION

Accordingly, it is the

RECOMMENDATION of the Magistrate Judge that this case should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before June 9, 2017.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of May, 2017.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE